AT ROANOKE, VA
FILED

NOV 1 3 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| RICARDO R. HILTON,  Petitioner, | Civil Action No. 7:07-cv-00459 |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA,  Respondent. | By: Hon. Glen E. Conrad  United States District Judge |

Petitioner Ricardo R. Hilton brings this action as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. Petitioner alleges prosecutorial misconduct, ineffective assistance of counsel, and abuse of discretion by the court.[1] As explained herein, petitioner's motion is untimely and must be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.[2]

## Background

On April 28, 2006, petitioner pled guilty to the following charges: possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 2); possession, use, or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3); and to the forfeiture to the United States, pursuant to 21 U.S.C. § 853, of all property or proceeds derived or obtained from or used in, either directly or indirectly, the

---

[1] Petitioner alleges prosecutorial misconduct, contending that the government refused to provide information regarding the informant upon whose statement the search warrant was obtained. He alleges ineffective assistance of counsel on the ground that his counsel failed to challenge the contents of the pre-sentence report. He alleges that the trial court abused its discretion in adopting sentence calculations prepared by the probation officer.

[2] Rule 4(b) provides, in pertinent part, as follows: "The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

commission of the offenses listed in the indictment (Count 5). On July 18, 2006, the court sentenced petitioner to a term of imprisonment of 270 months, followed by a five-year term of supervised release. Petitioner's judgment of conviction was entered on July 19, 2006. See Criminal Case No. 7:05-cr-00091-gec-1 (W.D. Va.). Petitioner did not appeal his conviction or sentence.

Petitioner mailed the instant § 2255 motion on September 17, 2007. On October 1, 2007, the court conditionally filed the motion and advised petitioner that the motion appeared to be untimely. The court directed petitioner to submit within twenty days any argument or evidence he could present concerning the timeliness of his motion. As of this date, the court has not received a response from petitioner.

## Discussion

Section 2255 has a one-year period of limitation. Generally, this period begins to run from the date on which the judgment of conviction becomes final. See § 2255, ¶ 6. In this case, petitioner's judgment of conviction was entered on July 19, 2006. Because petitioner did not appeal his conviction, it became final on August 2, 2006, the date on which his time to appeal expired. See Clay v. United States, 537 U.S. 522, 532 (2003); Fed. R. App. P. 4(b) and 26(a). Therefore, petitioner had until July 19, 2007, to file a motion under § 2255. See § 2255, ¶ 6.[3] Because petitioner filed this motion two months after the one-year period of limitation expired, and since he

---

[3] Under § 2255, the one-year period of limitation begins to run on the latest of four dates: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Here, petitioner has not alleged anything to support or warrant the court's reliance on subsections (2), (3), or (4). Therefore, the court concludes that the one-year period of limitation began to run on the date petitioner's conviction became final.

2

has not demonstrated any grounds for equitable tolling, his motion is untimely.[4] Accordingly, the motion must be dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to petitioner and counsel of record for respondent.

ENTER: This 13th day of November, 2007.

/s/ Jack Conrad
United States District Judge

---

[4] The United States Court of Appeals for the Fourth Circuit has explained that equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).